IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHENZHEN RUOBILIN NETWORK
TECHNOLOGY, LTD.,

                Plaintiff,                OPINION AND ORDER

  v.

                                          16-cv-386-wmc

SJG-LESN, BUY-IT-NOW-STORE.COM,
MODERN HOME PRODUCTS, COFFEE
AND TOY, DAILY NECESSITY ENTERPRISES,
and SERVING YOUR SUCCESS,

                Defendants.

---

In this trademark infringement action, plaintiff Shenzehn Ryobilin Network Technology, Ltd., alleges that defendants, who are all online retailers selling goods on Amazon.com, are selling counterfeit versions of its products. (Compl. (dkt. #1.) For each of the above-named defendants, plaintiff filed a proof of service, for which counsel for plaintiff checked "Other," explaining for each:

> The defendant has no apparent United States address. The only means of contacting the defendant is through its Amazon Communication system. The summons w[as] served on the Defendant through the Amazon Communication system on June 16, 2016. Amazon has confirmed the receipt of the communication by the defendant.

(Dkt. ##7-1 to 7-5.)

After the deadline for answering or otherwise responding to the complaint had passed, plaintiff moved for entry of default and default judgment against each of the defendants. (Dkt. #9.) That motion, however, was properly denied by the Clerk of Court because of plaintiff's failure to comply with the service requirements of Rule 4. (Dkt. #13.)

Citing Federal Rule of Civil Procedure 4(f)(3), plaintiff now seeks a court order, as it must, allowing electronic service of these foreign defendants. (Dkt. #14.) Rule 4(f) provides in pertinent part:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> **(C)** unless prohibited by the foreign country's law, by:
>
> **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
>
> **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).[1]

---

[1] Rule 4(H) describes serving a corporation, partnership or association, and states that service "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under f(2)(C)(i)."

In its supporting brief and counsel's declaration, plaintiff explains that it has not been able to discover physical addresses for defendants despite diligent efforts. (*Id.* at 5-6 (listing various searches and other efforts to discover addresses).) In light of the lack of physical addresses, the Hague Convention does not apply. *Braverman Kaskey, P.C. v. Toidze*, 599 F. App's 448, 452 (3rd Cir. 2005) ("When a defendant's address is unknown, as is the case here, the Hague Convention shall not apply." (quotation omitted)).[2]

With some support, plaintiff next contends that the notice provided via "Amazon.com's message portage is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections." (Pl.'s Br. (dkt. #16) 3.) Specifically, plaintiff points out that within one week of plaintiff emailing defendants its complaint via the Amazon.com messaging portal, each defendant had removed its respective products from plaintiff's Amazon listing and changed its company name. (*Id.* at 6 (citing Zhang Decl. (dkt. #17) ¶ 5.) As a result, the court agrees with plaintiff that each defendant likely received actual notice of this lawsuit.

In light of the lack of physical addresses, coupled with the likelihood of actual notice provided to each defendant via electronic service through Amazon.com's message portal, the court will grant plaintiff's motion, and allow for service of process by electronic service. *See, e.g.*, *Santiago v. Anderson*, 496 F. App'x 630, 635 (7th Cir. 2012)

---

[2] Counsel for plaintiff also represents that the Hague Convention does not *preclude* service by email, but does not claim that it *authorizes* such service. (Zhang Decl. (dkt. #17) ¶ 6.) Similarly, plaintiff contends that it has "good cause to suspect the Defendants are all residents of China," (Pl.'s Br. (dkt. #16) 7), and counsel for plaintiff represents that "the law of the People's Republic of China does not appear to prohibit electronic service of process." (*Id.* (citing Zhang Decl. (dkt. #17) ¶ 5).)

(citing *Brockmeyer v. May*, 383 F.3d 798, 805-06 (9th Cir. 2004), for the proposition that "Rule 4(f)(3), which permits service in foreign country 'as the court orders' so long as chosen method comports with international agreements, imparts broad discretion and would allow for service by regular mail and e-mail").

While the court understands that plaintiff has already attempted service of the documents electronically, rule 4(f)(3) contemplates that plaintiff seek leave *before* doing so. On the off chance that defendants did not respond to the summons and complaint because they viewed the service of process to be insufficient under Rule 4, the court will require plaintiff to deliver the summons and complaint again, along with a copy of this order granting it leave to serve electronically. Once it has done so, plaintiff should promptly file a certificate of service.

ORDER

IT IS ORDERED that:

1) Plaintiff Shenzehn Ryobilin Network Technology, Ltd.'s motion for electronic service of foreign defendants (dkt. #14) is GRANTED.

2) Plaintiff is directed to serve each defendant the summons, complaint and this order electronically through the Amazon communication system or similar reliable online system, and to file a certificate of such service promptly.

Entered this 29th day of November, 2016.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge