IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHENZHEN RUOBILIN NETWORK
TECHNOLOGY, LTD.,

     Plaintiff,

 v.

SJG-LENS, MODERN HOME PRODUCTS,
COFFEE AND TOY, DAILY NECESSITY
ENTERPRISES, and SERVING YOUR
SUCCESS,

     Defendants.

OPINION AND ORDER

16-cv-386-wmc

---

  Plaintiff Shenzhen Ruobilin Network Technology, Ltd. ("Ruobilin"), alleges that defendants SJG-Lens, Modern Home Products, Coffee and Toy, Daily Necessity Enterprises and Serving Your Success violated the Lanham Act by distributing and selling products under plaintiff's ACOMPATIBLE trademark on Amazon.com. (Compl. (dkt. #1).) The court previously granted plaintiff leave to serve each defendant electronically through the Amazon communication system or similar reliable online system (dkt. #18), and plaintiff effectuated service (dkt. #19), but the four remaining above-captioned defendants failed to answer or otherwise respond to plaintiff's complaint. Accordingly, the Clerk of the Court has entered a default against each. (Dkt. #27.)

  Before the court is plaintiff's motion for default judgment, seeking an award of damages and a permanent injunction against each of the defendants. (Dkt. #23.) The court held a hearing on the motion on May 10, 2017, at which plaintiff appeared by counsel. During the hearing, the court raised some concerns with plaintiff's evidence of damages and provided plaintiff with an opportunity to supplement its submission in the

following respects: (1) additional proof of lost profits; (2) evidence of defendants taking up infringing activities through related companies; and (3) plaintiff's reasonable costs and attorney's fees. While plaintiff was initially interested in supplementing its submission, it has since indicated that either the evidence is not available or a request for additional damages and attorney's fees is not worthwhile in light of the difficulty of collecting on any money judgment. (Dkt. #30.) In light of this supplemental submission, the court will now grant plaintiff's motion for default judgment and enter a permanent injunction barring each defendant from using plaintiff's trademark.

OPINION

Because default was entered against the remaining defendants, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In its complaint, plaintiff alleges that it is a Chinese corporation that distributes product lines throughout the United States, including bags for cameras, photographic equipment and electronic devices with the "ACOMPATIBLE" trademark, issued by the USPTO on February 25, 2014, with Registration No. 4,488,016. (Compl. (dkt. #1) ¶ 6.) Each of the remaining defendants sold counterfeit products under the ACOMPATIBLE mark on Amazon.com. (*Id.* at ¶¶ 12, 14-16, 18; *see also* Exs. B, D-F, H (dkt. ##1-3, 1-5 to 1-7, 1-9).) Plaintiff alleges that the unauthorized use of its trademark by these defendants violates various provisions of the Lanham Act. 15 U.S.C. §§ 1114 (trademark infringement), 1125(a) (false designation of origin), 1125(c) (trademark dilution).

In its motion for default judgment, plaintiff seeks (1) its actual damages, in the form

2

of lost profits; (2) enhancement of those damages for willful infringement; (3) a permanent injunction; and (4) its attorney's fees and costs.[1] The Lanham Act allows for each of these remedies. 15 U.S.C. § 1117(a) (providing for any damages sustained by the plaintiff and the costs of the action); *id.* at § 1117(b) (allowing for trebling of damages for counterfeit marks); *id.* at § 1116 (setting forth grounds for injunctive relief). At this point, plaintiff only seeks injunctive relief as mentioned above.

Plaintiff seeks entry of a permanent injunction that would bar defendants from using plaintiff's trademark on any new websites and online marketplace accounts. Title 15 U.S.C. § 1116 provides for the entry of injunctive relief in Lanham Act claims. To be entitled to injunctive relief, a plaintiff must demonstrate: (1) irreparable injury; (2) inadequate remedies at law; (3) the balance of hardships favors injunctive relief; and (4) the public interest would not be disserved. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). As this court has previously acknowledged in entering default judgment, "[i]t is not uncommon for courts to issue injunctions as part of default judgments." *Epic Sys. Corp. v. Silver*, No. 13-CV-355-WMC, 2014 WL 2694051, at *1 (W.D. Wis. June 13, 2014) (citing cases.)

By virtue of defendants' default, plaintiff has succeeded on the merits of its

---

[1] In the conclusion of its brief, plaintiff also requests that the court enter an order "transferring all assets in Defaulting Defendants' financial accounts operated by Amazon to Ruobilin to cover the losses sustained by Ruobilin as a result of Defaulting Defendants' infringing activity." (Pl.'s Br. (dkt. #24) 20.) Plaintiff fails to provide any support for the court taking this additional step without a showing that (1) efforts have been made to collect on the judgment itself and (2) what amounts to an attachment action should not be pursued in an appropriate venue against Amazon itself. As such, the court will deny that request at this time. Given the court's decision not to award damages, such a request appears moot in any event.

trademark infringement actions. As for the factors governing entry of an injunction, "trademark infringement, by [its] very nature, carr[ies] a presumption of harm." *Epic Sys.*, 2014 WL 26940, at *1. As a result, the court's entry of an injunction here to deter future sales of counterfeit goods is amply justified by defendants' failure to defend this lawsuit, the willful nature of their infringement and the absence of a viable monetary damages claim. Moreover, because "it is not a burden on [defendants] to follow the law," the court finds that the balance of harms weighs heavily in favor of entering an injunction, as does the public interest in protecting trademarks. *Id.* at *2. Accordingly, plaintiff is entitled to the injunctive relief set forth in the Order below.

## ORDER

IT IS ORDERED that:

1) Plaintiff Shenzhen Ruobilin Network Technology, Ltd.'s motion for entry of default judgment (dkt. #23) is GRANTED.

2) Defendants SJG-Lens, Modern Home Products, Coffee and Toy, Daily Necessity Enterprises and Serving Your Success are hereby PERMANENTLY ENJOINED from any direct or indirect use of plaintiff's ACompatible trademark, Registration No. 4,488,016.

3) The clerk of court is directed to enter judgment in plaintiff's favor consistent with this order and close this case.

Entered this 9th day of June, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge